In the Matter of Supplementary Proceedings: Mechanics Lumber Co., Inc., Judgment Creditor, Respondent, *v.* Sidney Cohen, Judgment Debtor, Appellant.

H. Mott Brennan, Receiver, Respondent.

Supreme Court, Appellate Term, First Department, February 28, 1940.

*Jack E. Levine*, for the appellant.

*Isidor Block*, for the respondent.

*Joseph B. Finkelstein*, for the receiver.

HAMMER, J. The receiver, duly appointed by the City Court, filed his bond as directed by the order. Through inadvertence he did not " subscribe and take " the statutory oath required by section 126 of the Civil Practice Act before entering upon the duties of his office.

In an action in the Supreme Court in which the judgment debtor, Sidney Cohen, was plaintiff, the receiver moved to be substituted for the debtor. Pending the motion a stipulation was made between the debtor and his attorney and the receiver and his attorney whereby it was agreed that out of the first moneys received in the action the judgment debtor would turn over to the receiver the sum of $1,000, to be applied to the payment of the judgment and the costs of the receivership, any balance to be paid to the debtor, and, further, that the rights of the debtor's attorney should be subject and subordinate to the rights of the receiver as to the sum of $1,000. By the stipulation the debtor further agreed to be responsible for the receiver's fees and the fees of his attorney when fixed by the City Court, and that he would bear all expenses in connection with any application to discharge the receiver. Upon the stipulation the motion in the Supreme Court for substitution was withdrawn.

Without the knowledge or consent of the receiver the Supreme Court action was compromised by the defendant in the action, brother of the plaintiff, agreeing to pay the debtor $2,500, $1,200 of which was paid in cash, and as part of the settlement the debtor received credit in the sum of $570, being the amount of the judgment, with interest and costs, and a satisfaction of the creditor's judgment was filed.

Thereafter the judgment debtor, in repudiation of the stipulation made by him and his attorney, moved in the City Court to vacate the order appointing the receiver and for his discharge on the ground that he had failed to take the statutory oath. Prior to the motion the oath had been filed and an order made authorizing the receiver to retain an attorney.

The motion was granted to the extent of discharging the receiver upon condition that the debtor pay the receiver fifty dollars for his

fees and to the attorney for the receiver the further sum of fifty dollars for his fees, and any and all premiums on the receiver's bond. In the event of failure to make such payments the motion was denied. The debtor appeals to this court from the order.

In support of appellant's contention that the respondent receiver forfeited his office because he failed to " file " the oath before he entered upon the performance of his duties or within fifteen days after commencement of his " term," appellant cites section 30 of the Public Officers Law. But the respondent has no " term " and is not a public officer as defined by that statute. (Pub. Officers Law, § 2.) Although by subsequent legislation (Laws of 1920, chap. 931) a new article (2-A, §§ 20–28) was inserted in the law, and receivers are included in that article (§ 28), they are brought within the statute solely for the purpose of subjecting them as well as public officers to actions on their official bonds or undertakings for loss or injury sustained by their defaults, delinquency or misconduct.

The statute applicable in this controversy is section 126 of the Civil Practice Act, providing that " a referee, receiver, commissioner or appraiser appointed by a court or judge, before entering upon his duties, shall subscribe and take an oath, which, except as otherwise prescribed by statute or rule, shall be to the effect that he will faithfully, honestly and impartially discharge the trust committed to him. Where all the parties whose interest will be affected by the result are of full age and are present or are˙ represented by attorneys, the oath may be waived, a record thereof being duly made."

Before entering upon his duties the receiver was not required to file his oath; the subscription and taking of the oath sufficed, just as in the case of an unofficial referee who subscribes and takes the oath before entering upon his duties, and has that fact noted on the stenographer's minutes at the beginning of the hearing.

In making the stipulation before referred to it is clear that the judgment debtor waived the taking of the oath before the receiver entered upon the performance of his duties. There are no infants or incompetents in this proceeding, and, although the parties could have followed the statutory form, their stipulation and conduct pursuant thereto accomplished the same result prior to the filing of the oath.

In the circumstances, to deny the receiver the agreed compensation would give apparent sanction to the perpetration of a fraud by the judgment debtor upon an agent of the court Further, the omission under the facts shown may be regarded as a mere inadvertence, and by section 105 of the Civil Practice Act the court

should, where no substantial right of a party is prejudiced (especially where, as here, the oath was on file at the time appellant sought to vacate the receivership), disregard such omission.

It may be added that since the making of the order appealed from the Supreme Court, apparently recognizing the validity of the receivership herein, has extended this receivership to an action pending in that court between Herman Cohen, plaintiff, against Sidney Cohen, the judgment debtor herein, defendant. While we are not bound to follow the decision of the Supreme Court at Special Term, it seems to me we would be warranted in regarding it as *stare decisis*.

Order affirmed, with ten dollars costs and disbursements to receiver, respondent.

NOONAN, J., concurs in result, with opinion; McCOOK, J., dissents, with opinion.

NOONAN, J. (concurring). I concur in the result reached by Mr. Justice HAMMER. The judgment debtor, on January 24, 1939, entered into a stipulation with the receiver by the terms of which the judgment debtor agreed that out of the " first moneys received " by the judgment debtor, as plaintiff in the Supreme Court action, he would turn over to the receiver the sum of $1,000, to be used for the purpose of satisfying the judgment which formed the basis of the receivership, together with the costs of the receivership. This stipulation constitutes a contract on the part of the judgment debtor, which precludes him from obtaining a vacatur of the receivership until the payment of the costs thereof. Any claim by the judgment debtor that he entered into the stipulation in the erroneous belief that the receiver had duly taken and filed his oath should have been asserted by way of an application to be relieved of the stipulation or by plenary action to set it aside. While the stipulation remained in force the application to vacate the receivership constituted a violation thereof, and was, therefore, properly denied, except upon the payment of the fee of the receiver and his attorney as fixed.

McCOOK, J. (dissenting). The statute which controls this appeal (Civ. Prac. Act, § 126) constitutes an entire separate article (12), and reads as follows:

" ARTICLE 12.

" OATHS OF REFEREES AND OTHER OFFICERS.

" § 126. Oath of referee and other officer. A referee, receiver, commissioner or appraiser appointed by a court or judge, before entering upon his duties, shall subscribe and take an oath, which,

except as otherwise prescribed by statute or rule, shall be to the effect that he will faithfully, honestly and impartially discharge the trust committed to him. Where all the parties whose interest will be affected by the result are of full age and are present or are represented by attorneys, the oath may be waived, a record thereof being duly made."

The requirement of an oath is the same for referees and receivers, and the same procedure for waiver is expressly provided. A receiver who fails to take an oath to the effect described or, in the alternative, to obtain, and make a record of, a waiver of the oath, has not satisfied the clear and unambiguous requirements of the act and must accept the consequences.

While the respondent's characterization of the manœuvers which produced the result he seeks to avoid appears to be justified, I am unable to accept his view that other statutes make article 12 (Civ. Prac. Act, § 126) inapplicable, or to agree that the later extension of the receivership in the Supreme Court constitutes *stare decisis*.

As for the stipulation of the debtor to be responsible for the receiver's fees and those of his attorney, that is not the waiver prescribed by the Civil Practice Act, for it does not mention the oath. The respondent supplies no answer by saying, as counsel said to us upon the argument, that very few receivers, in fact, obey the mandate of the section.

The defect seems to be jurisdictional. It is not possible for me to escape the conclusion that for the reasons stated the court below erred in awarding the receiver and his attorney allowances and fees.

The order should be reversed and the motion to discharge the receiver without conditions granted.